**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Mozella McCoy,<br><br>Plaintiff,<br>-v-<br><br>Brooklyn United Methodist Church Home,<br><br>Defendant. | **Civ. Action #:**<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Mozella McCoy ("Plaintiff" or "McCoy"), by Abdul Hassan Law Group, PLLC, her attorney, complaining of the Defendant Brooklyn United Methodist Church Home ("BUMCH" or "Defendant") respectfully alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges, that she was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover her unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest,

and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff further alleges that she was employed by Defendant and pursuant to the Family and Medical Leave Act ("FMLA") 29 USC § 2601 et seq., that Defendant violated the FMLA, including 29 U.S.C § 2620, § 2614, § 2615, when it terminated Plaintiff's employment and discharged Plaintiff in retaliation/discrimination because Plaintiff exercised her rights and engaged in protected activity under the FMLA. Plaintiff seeks the recovery of lost income including back pay and front pay/reinstatement, lost benefits, other losses and damages caused, interest, maximum liquidated damages, as well as attorneys' fees and costs, pursuant to 29 USC § 2617.

5. Plaintiff also complains that she was terminated and discharged in discrimination and retaliation by Defendant because, in good faith, she complained of and opposed Defendant's requirement for her to return to work in violation of the public safety Covid-19 stay at home and work from home orders of New York State and New York City. Such retaliatory termination violates NYLL § 740 and Plaintiff is entitled to and seeks to recover all damages available under these statutes.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

7. Venue is proper in the Southern District of New York (EDNY) pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b). Venue is also proper in the SDNY pursuant to 29 U.S.C. § 2617(a)(2).

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

9. Plaintiff Mozella McCoy ("Plaintiff" or "McCoy") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

10. Upon information and belief, and at all times relevant herein, Defendant Brooklyn United Methodist Church Home ("BUMCH" or "Defendant") was a New York corporation with a place of business located at 1485 Dumont Avenue Brooklyn, NY 11208.

## STATEMENT OF FACTS

11. Upon information and belief, and at all relevant times herein, Defendant provided nursing home and apartment rental services to the public.

12. Upon information and belief, and at all relevant times herein, Defendant owned and/or operated one or more locations and employed over 250 employees.

13. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendant from in or around September 2015 on or about May 16, 2020.

14. At all times relevant herein, Plaintiff performed a variety of clerical work such as telephone calls and data entry work in Defendant's billing office.

15. At all times relevant herein, Plaintiff was an hourly employee of Defendant and her last regular hourly rate of pay was about $40.81 an hour.

16. At all times relevant herein, Plaintiff was paid at her straight regular rate for all hours worked including her overtime hours (hours over 40 in a week) worked in a week, for each week during her employment - except that Plaintiff was not paid at all for about three 3 to 3.5 overtime hours each week – because of the nature and demands of her job with Defendant, Plaintiff did not receive a bona-fide meal period within the meaning of the FLSA and NYLL.

17. At all times relevant herein, Plaintiff worked about 48-56 hours or more each week for Defendant and likely more, 6-7 days a week.

18. A more precise statement of the hours and wages will be made when Plaintiff McCoy obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

19. In or around February 2020, the Covid-19 Coronavirus pandemic began posing a serious public health and public safety threat to New York State and its residents as well as the residents of other states and countries. In response to the Covid-19 pandemic and the threat to the public it caused, New York State and New York City issued a series of orders requiring the closure of non-essential businesses and requiring that non-essential workers and employees like Plaintiff stay at home and/or work from home/telecommute.

20. At all times relevant herein, Plaintiff was a non-essential employee for purposes of the stay/work at home orders issued by New York State and New York City. Plaintiff performed a variety of billing functions for Defendant which could have been performed from home using telephone, internet and software systems. In fact, upon information and belief, Defendant's Information Technology Department was ready and prepared to issue Plaintiff a laptop computer and related services so that she could perform her work from home but Plaintiff's supervisor decided otherwise apparently because the supervisor's son who also works in the billing department under the supervision of his mom, continued to work at Defendant's location.

21. At all times relevant herein, Plaintiff was the biological mother of a five-year-old daughter who was enrolled in school within New York City.

22. At all times relevant herein, New York City schools were closed because of the orders of New York State and/or New York City - as such, Plaintiff was forced to care for her minor five-year-old child during school hours as well.

23. On or about April 22, 2020, Defendant notified Plaintiff that she would be required to work at least five (5) days a week at Defendant's physical location, starting within the next thirty

(30) days or so from that time.

24. In early May 2020, Plaintiff once again requested from Defendant permission to work from home and/or for maximum leave under the FMLA and the Emergency Family and Medical Leave Expansion Act (EFMLEA), passed by Congress during the Covid-19 pandemic (i.e. 29 USC § 2620), to care for her minor child because of a lack of childcare caused by the Covid-19 virus pandemic and the school closure and other public safety orders issued by New York State and New York City as a result.

25. On or about May 7, 2020 and May 14, 2020, Plaintiff's requests to work form home and for maximum leave under the FMLA and EFMLEA to care for her minor child were denied by Defendant and Plaintiff was told by Defendant that because she could not work at least five (5) days a week at Defendant's place of business as wanted by Defendant, Plaintiff would be terminated as of May 16, 2020. As Plaintiff was required to take care of her minor child and could not work at Defendant's physical location as required by Defendant, Defendant terminated Plaintiff's employment with Defendant.

26. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1).

27. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) - the statements provided to Plaintiff did not reflect all rates of pay including Plaintiff's overtime rates of pay, nor all wages earned, among other deficiencies.

28. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

29. Upon information and belief and at all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

30. At all times applicable herein and upon information and belief, Defendant conducted business outside the State of New York involving the purchase of equipment and other essential materials and supplies.

31. At all times relevant herein, Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

32. At all times relevant herein, Defendant as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

33. At all times applicable herein and upon information and belief, Defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

34. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet, electronic mail and telephone systems.

35. All times applicable or relevant herein as to the FLSA overtime claims refers to at least the two-year and three-year period preceding the filing of this complaint, but this period may be longer.

36. All times applicable or relevant herein as to the NYLL overtime claims refers to at least the Plaintiff's period of employment.

37. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times her regular rate of pay for all hours worked in excess of forty hours in a week.

38. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by 29 CFR 516 and 12 NYCRR 142-2.8.

39. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

40. "Plaintiff" as used in this complaint refers to the named Plaintiff.

41. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.**

42. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 USC § 201 et Seq.

44. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

45. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

46. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

47. Due to Defendant's FLSA overtime violations, Plaintiff is entitled to recover from Defendant, her unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**

**NYLL 650 et Seq. (Unpaid Overtime)**

48. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 47 above as if set forth fully and at length herein.

49. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

50. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

**Relief Demanded**

51. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, her unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**

**(NYLL § 190, 191, 193, 195 and 198)**

52. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 51 above with the same force and effect as if fully set forth at length herein.

53. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

54. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all her wages including her overtime wages, (FLSA and NYMWA), within the time required under NY Labor Law § 190 et seq.

55. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

56. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

**Relief Demanded**

57. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, her entire unpaid wages, including her overtime wages, (FLSA and NYMWA), wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**FMLA RETALIATION/DISCRIMINATION - 29 U.S.C § 2617**

58. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 57 above as if set forth fully and at length herein.

59. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FMLA, 29 USC § 2601 et Seq., and the regulations thereunder.

60. At all times relevant herein, Defendant was a covered person or entity within the meaning of the FMLA, 29 USC § 2601 et Seq.

61. Defendant discharged/terminated Plaintiff, in retaliation/discrimination and in violation of

the FMLA and EFMLEA, including 29 USC § 2615 for engaging in protected activity as laid out above such as exercising her FMLA and EFMLEA rights (29 USC § 26220), by requested and taking leave to care for her minor child during the Covid-19 pandemic and related school closures..

62. Plaintiff is entitled to recover from Defendant under the FMLA including 29 USC § 2617 all her damages recoverable under the FMLA, including her loss of income such as back pay and front pay/reinstatement, other losses and damages caused, interest, maximum liquidated damages, costs and attorneys' fees.

**AS AND FOR A FIFTH CAUSE OF ACTION**

**RETALIATION/DISCRIMINATION - NYLL § 740**

63. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 62 above as if set forth fully and at length herein.

64. At all times relevant herein, Plaintiff was employed by Defendant, individually, and/or jointly within the meaning of the New York Labor Law §§ 2, 740 and 651 and the regulations thereunder.

65. At all times relevant herein, Defendant was a covered person or entity within the meaning of New York Labor Law §§ 2, 740 and 651 and the regulations thereunder.

66. Defendant discharged/terminated Plaintiff's employment with it in retaliation and discrimination and in violation of the NYLL § 740, because Plaintiff engaged in protected activity such opposing in good faith, Defendant's violation of the stay/work at home orders issued by New York State and/or New York City to protect the health of the public with respect to workers like Plaintiff – by requiring Plaintiff to report to work at Defendant's physical location, and especially where, as here, several of Plaintiff's co-workers had contracted the Covid-19 virus.

**Relief Demanded**

67. Defendant's New York Labor Law § 740 violations, have caused and proximately caused

Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendant all available damages, including her lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 740.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

68. Declare Defendant (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

69. As to the **First Cause of Action**, award Plaintiff her unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

70. As to the **Second Cause of Action**, award Plaintiff her unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

71. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including her entire unpaid overtime wages, (FLSA and NYMWA), wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

72. As to her **Fourth Cause of Action**, award Plaintiff pursuant to FMLA including 29 USC § 2617 all her damages recoverable under the FMLA, including her loss of income such as back pay and front pay/reinstatement, other losses and damages caused, interest, maximum liquidated damages, costs and attorneys' fees.

73. As to his **Fifth Cause of Action**, award Plaintiff all damages available and recoverable under NYLL § 740, including her lost wages, reinstatement/front pay, maximum liquidated

damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 740;

74. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

75. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**June 29, 2020**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_________________
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -Fax: 718-740-2000
Email: abdul@abdulhassan.com